IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

February 7, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

DONALD P. SPICER,                )        FOR PUBLICATION
                                 )
        Appellant,               )        FILED: February 7, 2000
                                 )
v.                               )        SHELBY CRIMINAL
                                 )
STATE OF TENNESSEE,              )        HON. ARTHUR T. BENNETT
                                 )        JUDGE
        Appellee.                )
                                 )        No. W1996-00042-SC-R11-CD


For the Appellant:                        For the Appellee:

Marvin E. Ballin                          Michael E. Moore
Memphis, Tennessee                        Solicitor General

Mark A. Mesler                            Michael W. Catalano
Memphis, Tennessee                        Associate Solicitor General
                                          Nashville, Tennessee


OPINION


AFFIRMED IN PART AS MODIFIED;
REVERSED IN PART; and
REMANDED TO TRIAL COURT                                    BARKER, J.

In this appeal, we address several issues related to the consolidation and severance of multiple sexual abuse offenses pursuant to Tennessee Rules of Criminal Procedure 8, 13, and 14. More specifically, these issues are: (1) whether the appellant properly preserved his right to a severance of offenses under Rule 14(b)(1) by objecting to a pre-trial motion for consolidation; if so, (2) whether the trial court abused its discretion by improperly consolidating two indictments alleging child rape and aggravated sexual battery in a single trial; and if so, (3) whether that abuse of discretion affirmatively appears to have affected the outcome of the trial. For the reasons stated herein, we hold that the appellant properly preserved his right to a severance of offenses and that the trial court abused its discretion by consolidating both indictments in a single trial. Because we also hold that the trial court's abuse of discretion affirmatively appears to have affected the outcome of the trial, we vacate the appellant's conviction and sentence and remand this case to the Shelby County Criminal Court for a new trial. The judgment of the Court of Criminal Appeals is affirmed in part as modified and reversed in part.

## BACKGROUND

In February of 1992, the appellant, Donald Spicer, married Debra Stone, who had two daughters, L.S. and A.S.,[1] from a previous marriage. At the time of the events giving rise to this case, L.S. and A.S. were ten and twelve years old, respectively. On March 4, 1994, Stone and L.S. went to a local store to buy some cleaning supplies for their home. While they were out, L.S. told her mother that they needed to talk when they returned home, but after Stone insisted that they talk immediately, L.S. told her that "[m]y dad has been messing with me." L.S. also said that when she was sleeping, the appellant would come into her room, pull her panties down, and "put his private into [hers]."

Upon hearing that her husband was sexually abusing her daughter, Stone became so upset that she immediately stopped at a pay phone to call her other

---

[1] It is the policy of this Court not to identify minor children involved in sexual abuse cases by name. Instead, we will identify the minor victims in this case only by their initials.

daughter, who was at home alone with the appellant. When A.S. answered the phone, Stone asked her daughter whether the appellant had tried to do anything with her. A.S. replied that the appellant had tried things but that she would not let him. A.S. also said that the appellant tried earlier that day to put his hand down her jumper while Stone and L.S. were at the store. Stone then told A.S. to get away from the appellant and that she would come back home to get her.

On the way back to her house, Stone decided to contact the police, and she drove to the house of Terry Jarvis, who was a special deputy with the Sheriff's Department. Although Stone told Jarvis that the appellant was abusing her daughters, Jarvis stated that he did not want to get involved.[2] Instead, Jarvis suggested that Stone should call the police from a convenience store near her house. Stone then took L.S. to the convenience store and called the police. Shortly thereafter, an officer of the Shelby County Sheriff's Office met Stone and L.S. at the store and drove them to their house. While on the way to the house, L.S. told the officer that she had been raped by the appellant. Sometime after they arrived at the house, Stone's other daughter, A.S., told the same officer that the appellant had fondled but not raped her.

Three days later, Stone took both of her daughters to the Rape Crisis Center for a physical examination. The examination of A.S. showed that her hymen was intact and that nothing appeared abnormal other than a vaginal discharge. The examination of L.S., however, showed that she lacked a hymen and had an enlarged introitus. The examining nurse testified that these findings were consistent with sexual penetration, and that the enlarged introitus indicated that "this is something that happened more than once."

On August 9, 1994, a Shelby County grand jury returned two separate indictments against the appellant charging him with aggravated sexual battery and with rape of a child. Each indictment alleged that the offenses occurred sometime during the period between July 1, 1993 and March 4, 1994. Immediately prior to trial

_____

[2] Presumably, Jarvis was unwilling to get involved because he was also the appellant's supervisor.

on May 8, 1995, the State orally moved to consolidate both indictments,[3] and the appellant objected to the consolidation. The trial court overruled the appellant's objection and consolidated the offenses on the belief that indictments should be joined for reasons of judicial economy. Although the appellant did not move for a severance of offenses after his objection was overruled, the appellant renewed his objection to consolidation after the State's proof and in a motion for a new trial.

Following a five-day trial, a jury convicted the appellant of misdemeanor assault and of child rape. The trial court sentenced the appellant to serve concurrent sentences of eleven months, twenty-nine days for the assault conviction and eighteen years for the child rape conviction. In addition, the court fined the appellant $2,500.00.

On appeal to the Court of Criminal Appeals, the appellant argued, among other things, that the evidence was insufficient to support a conviction on either indictment and that the indictments were improperly consolidated. The Court of Criminal Appeals upheld the child rape conviction, but it reversed and dismissed the assault conviction for insufficient evidence. The intermediate court also held that the indictments were improperly consolidated because the offenses were not parts of a common scheme or plan. A majority of the court, however, found that the consolidation error was harmless and affirmed the child rape conviction.[4] In dissent, Judge David Hayes relied on State v. Hoyt, 928 S.W.2d 935 (Tenn. Crim. App. 1995), and stated that because the offenses were alleged in open-dated indictments, the consolidation error was of "such prejudicial dimensions as to require reversal" of the conviction.

---

[3] The record is not entirely clear whether the State moved for mandatory joinder of offenses pursuant to Rule of Criminal Procedure 8(a) or whether the State sought permissive joinder under Rule 8(b). The State's arguments at the consolidation hearing, however, strongly suggest that the State sought permissive joinder under the "same or similar character" standard of Rule 8(b). Further, the State argues on appeal that the offenses were properly consolidated under Rule 8(b). Therefore, we will analyze the issues in this case according to the rules governing permissive joinder and severance.

[4] The Court of Criminal Appeals concluded that the error was harmless because (1) the State elected to submit to the jury two very distinct offenses; (2) the trial court instructed the jury to consider the testimony of the victims only as to each separate offense; (3) the trial court instructed the jury to treat the cases as separate and distinct cases; and (4) the disparity in the verdicts indicated that the jury considered the charges and the evidence separately.

4

The appellant then sought review in this Court on the sole issue of "whether the trial court committed prejudicial error by allowing the State to proceed to trial on two separate indictments . . . ." We agree with the Court of Criminal Appeals that the trial court abused its discretion in consolidating the indictments in this case, but we disagree that the error was harmless. Therefore, the judgment of the Court of Criminal Appeals is affirmed in part as modified and reversed in part.

## STANDARD OF APPELLATE REVIEW

We review decisions concerning permissive joinder and severance of offenses pursuant to Rules of Criminal Procedure 8(b) and 14(b)(1) for an abuse of discretion. State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999). As such, a trial court's decision to consolidate or sever offenses will not be reversed unless the "'court applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining.'" Id. (quoting State v. Shuck, 953 S.W.2d 662, 669 (Tenn. 1997)).

## CONSOLIDATION vs. SEVERANCE

The first issue we must resolve is whether this case is more properly characterized as a consolidation case or a severance case. Although the distinction may initially appear immaterial, characterization of the issue is of considerable importance because the legal standards by which our review is governed vary depending upon the type of case involved. To consolidate separate indictments under Rule 8(b), the state needs only to show that the offenses are parts of a common scheme or plan or that the offenses are "of the same or similar character." In contrast, however, a defendant has a right under Rule 14(b)(1) to a severance of offenses permissively joined, unless the offenses are parts of a common scheme or plan and the evidence of one offense "would be admissible upon the trial of the others." After reviewing the Rules of Criminal Procedure, we conclude that this case is more properly governed by the severance provisions in Rule 14(b)(1).

5

Because the consolidation and severance provisions of the Rules of Criminal Procedure operate according to different standards, a defendant may have the right to a severance of offenses even when those offenses were properly joined initially. For example, a defendant has an absolute right to sever offenses that are only of the same or similar character because the sole exception to the defendant's right to a severance under Rule 14(b)(1) does not even mention offenses that are of the same or similar character. See Shirley, 6 S.W.3d at 246; cf. State v. Peacock, 638 S.W.2d 837, 840 (Tenn. Crim. App. 1982) (stating that offenses may not be parts of a "common scheme or plan although the offenses may be of the 'same or similar character'"). Likewise, although Rule 8(b) permits consolidation when the offenses are parts of a common scheme or plan, Rule 14(b)(1) can be used to sever those offenses if evidence of each offense is not admissible in the trial of the others. In fact, because a defendant has a right to a severance of offenses in all cases but one, the Rules allow a trial court to consolidate offenses over the defendant's objection only when the offenses are parts of a common scheme or plan and evidence of each offense is admissible in the trial of the others. Consequently, when a defendant objects to a pre-trial consolidation motion by the state, the trial court must consider the motion by the severance provisions of Rule 14(b)(1), not the "same or similar character" standard of Rule 8(b).

The State argues that this case should be governed by the consolidation provisions of Rule 8 because the appellant failed to move for a severance and because he did not cite as error in his motion for new trial the court's failure to sever the offenses. In essence, the State argues that the appellant has waived his right to a severance of offenses by not formally moving for a severance of offenses pursuant to Rule 14(b)(1), and as such, the proper legal standard to be considered in this case is whether the offenses are of the "same or similar character" as contemplated by Rule 8(b). We disagree.

In the vast majority of permissive joinder and severance cases, the offenses sought to be joined have been consolidated by the state in the original indictment or information pursuant to Rule 8(b). In the usual case, therefore, the burden is on the

6

defendant to move for a severance of those offenses and to satisfy the criteria of Rule 14(b)(1) before separate trials will be granted. Unless the defendant moves to sever the offenses prior to trial or at an otherwise appropriate time, the defendant waives the right to seek separate trials of multiple offenses. See Tenn. R. Crim. P. 12(b)(5); 14(a).

Less frequently, however, the state may seek to consolidate offenses contained in multiple indictments upon motion pursuant to Rule of Criminal Procedure 13(a). When a defendant objects to the consolidation motion, the state must then demonstrate that the offenses are parts of a common scheme or plan and that evidence of each offense is admissible in the trial of the others. After an objection to consolidation has been overruled, the defendant is not then required to immediately move for a severance in order to preserve a severance issue for appeal. Because the trial court in this situation is to consider whether consolidation is proper in light of Rule 14(b)(1), a rule that requires a defendant to formally move for a severance immediately after the objection to consolidation is overruled makes little practical sense. Further, such a rule would emphasize technicality of procedure over substantive fairness, would add unjustifiable expense and delay to the proceedings, and would defeat the very purposes to be served by the Rules of Criminal Procedure.[5]

In the present case, the State sought consolidation of the two indictments upon motion, although it did not seek the consolidation until the very morning of trial.[6] Under these circumstances, the appellant's objection to the State's consolidation motion effectively notified the court of his desire to be tried separately on both indictments, and as a practical matter, the appellant's objection to consolidation had the same procedural and substantive effect as a formal motion to sever. We hold,

---

[5] Tennessee Rule of Criminal Procedure 2 states that "[t]hese rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

[6] We note that because the State did not move to consolidate the indictments until immediately before voir dire, the State may have waived its privilege to join the two indictments. Rule of Criminal Procedure 12(b)(5) requires that motions for consolidation of charges be made prior to trial, and courts have interpreted the phrase "prior to trial" to mean "sometime earlier than 'the day of the trial when the jury is waiting in the hall.'" See State v. Hamilton, 628 S.W.2d 742, 744 (Tenn. Crim. App. 1981) (quoting and approving of interpretation of Rule 12(b) by trial judge). However, because there are exceptions to this rule and because this issue has not been raised and preserved by the appellant, we do not address its impact on this case. See Tenn. R. App. P. 13(b); 36(a).

therefore, that irrespective of whether a defendant formally moves for severance or whether a defendant merely objects to the state's pre-trial motion for consolidation, the issue properly preserved is one of severance.[7]   In either case, the trial court must consider whether consolidation is proper in light of Rule 14(b)(1), not whether the offenses meet the "same or similar character" standard contemplated by Rule 8(b).[8]

## SEVERANCE OF OFFENSES

Having decided that the consolidation issue in this case is governed by the severance provisions of Rule of Criminal Procedure 14(b)(1), we must now decide whether the trial court abused its discretion by trying the offenses alleged in both indictments in a single trial.  Rule 14(b)(1) states that "[i]f two or more offenses have been joined or consolidated for trial pursuant to Rule 8(b), the defendant shall have a right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others."  As this Court has previously interpreted Rule 14, the "primary issue" to be considered in any severance case is whether evidence of one offense would be admissible in the trial of the other if the two offenses remained severed.  See State v. Burchfield, 664 S.W.2d 284, 286 (Tenn. 1984).  In its most basic sense, therefore, any question as to whether offenses should be tried separately pursuant to Rule 14(b)(1) is "really a question of evidentiary relevance." State v. Moore, 6 S.W.3d 235, 239 (Tenn. 1999); see also Shirley, 6 S.W.3d at 248.

---

[7]   Of course, the defendant would need to raise the objection again in a motion for a new trial to properly preserve the issue for appeal.  See Tenn. R. App. P. 3(e); cf. State v. Schaller, 975 S.W.2d 313 (Tenn. Crim. App. 1997) (holding that because defendant did not move again for a severance after close of state's proof, the issue of severance was not preserved).  Because the appellant in this case did renew his objection to consolidation after the State's proof and again in his motion for new trial, he thereby properly preserved his objection for appeal.

[8]   Cf. Bullard v. State, 208 Tenn. 641, 645-46, 348 S.W.2d 303, 305 (1961) (stating that "the propriety of trying together separate indictments or informations against the same accused over his objection rests in the sound discretion of the trial court, which has the obligation to safeguard not only the rights of the government but also of the accused and to see that such rights are not jeopardized").

A motion to consolidate or sever offenses is typically a pre-trial motion, <u>see</u> Tenn. R. Crim. P. 12(b)(5),[9] and consequently, evidence and arguments tending to establish or negate the propriety of consolidation must be presented to the trial court in the hearing on the motion. <u>Cf.</u> <u>Bruce v. State</u>, 213 Tenn. 666, 670, 378 S.W.2d 758, 760 (1964) (stating that decisions to join offenses necessarily must be made prior to trial). Before consolidation is proper, the trial court must conclude from the evidence and arguments presented at the hearing that: (1) the multiple offenses constitute parts of a common scheme or plan, Tenn. R. Crim. P. 14(b)(1); (2) evidence of each offense is relevant to some material issue in the trial of all the other offenses, Tenn. R. Evid. 404(b)(2); <u>Moore</u>, 6 S.W.3d at 239; and (3) the probative value of the evidence of other offenses is not outweighed by the prejudicial effect that admission of the evidence would have on the defendant, Tenn. R. Evid. 404(b)(3). Further, because the trial court's decision of whether to consolidate offenses is determined from the evidence presented at the hearing, appellate courts should usually only look to that evidence, along with the trial court's findings of fact and conclusions of law, to determine whether the trial court abused its discretion by improperly joining the offenses.

The requirement that pre-trial evidence be introduced tending to establish or negate the presence of a common scheme or plan presents special problems when the indictment alleges sexual offenses but alleges no specific date upon which the offenses occurred. When an indictment alleges that sexual offenses have occurred over a period of time against a single victim, then the state may introduce other evidence at trial of unlawful sexual contact between the defendant and the victim occurring during the time alleged in the original indictment. <u>State v. Rickman</u>, 876 S.W.2d 824, 828 (Tenn. 1994). The state is required, however, to make an election "at the close of its proof-in-chief as to the particular offense or offenses for which it is seeking a conviction." <u>See, e.g.</u>, <u>State v. Brown</u>, 992 S.W.2d 389, 391 (Tenn. 1999); <u>Rickman</u>, 876 S.W.2d at 828; <u>Burlison v. State</u>, 501 S.W.2d 801, 804 (Tenn. 1973).

---

[9]  <u>But see</u> Tenn. R. Crim. P. 14(a) (allowing a motion to sever offenses to occur "before or at the close of all evidence if based upon a ground not previously known"); Tenn. R. Crim. P. 12(f) (allowing the court to grant relief from a failure to "raise defenses or objections or to make requests" when cause is shown).

9

The election requirement serves several important functions,[10] including the fact that it "enables the trial judge to review the weight of the evidence in its role as thirteenth juror[,] and it enables an appellate court to review the legal sufficiency of the evidence." Brown, 992 S.W.2d at 391; see also State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993). Election by the state after the close of its proof serves these review functions well because review of the evidence obviously cannot be performed until the close of all the proof. In ruling upon a consolidation or severance motion, however, a trial court does not have the luxury of waiting until the state's election of offenses to decide whether the specific crimes alleged actually constitute parts of a common scheme or plan. Indeed, any such determination at this late point in the trial would require a defendant to bear an enormous risk of unfair prejudice solely for considerations of economy and expediency in judicial administration.

The facts of this case illustrate well the dangers involved in waiting until the close of proof to determine whether a common scheme or plan in fact exists. Both indictments alleged crimes occurring between July 1, 1993 and March 4, 1994, and at the hearing on the consolidation motion, the State introduced no proof that these crimes fell into any of the three types of common scheme or plan evidence.[11] As appellant's counsel stated:

> These are two separate types of offenses on separate victims . . . [and] we don't know if one is a witness to the other. We do not know if they occurred at the very same time, on both victims at the same time. We don't know anything about this consolidation other than the fact that there were two victims.

---

[10] For example, the election procedure works to preserve the defendant's constitutional right to a unanimous jury verdict, and it works to protect a defendant against double jeopardy. Brown, 992 S.W.2d at 391. Election also "enable[s] the defendant to prepare for and make his defense to the specific charge." Burlison, 501 S.W.2d at 803.

[11] In general, there are three types of common scheme or plan evidence recognized in Tennessee: (1) offenses that reveal a distinctive design or are so similar as to constitute "signature" crimes; (2) offenses that are part of a larger, continuing plan or conspiracy; and (3) offenses that are all part of the same criminal transaction. See Shirley, 6 S.W.3d at 248; Moore, 6 S.W.3d at 240.

10

In response, the assistant district attorney identified for the court only one example of the appellant's alleged crime:

> [I]n reviewing interviews with the children, there is at least one occasion where they were in the same bed. And though I can not predict every word the child is going to say, . . . they were in the same bed and both of them knew they were in the same bed and both of them knew they were in the same bed with the defendant. And that's on at least one occasion.

When appellant's counsel asked whether this occasion was the offense the State would elect to submit to the jury, the assistant district attorney simply responded "No."

Indeed, the State's only argument at the hearing for not keeping the offenses severed was that "it is the same time frame, the same household, the same parent, the same step-father, and the same investigation." Although the State characterized this case as "a classic case for consolidating," the trial court overlooked the fact that a defendant has an absolute right to sever offenses that are merely of the "same or similar character." Nevertheless, the State was allowed to introduce proof during the course of the trial that the appellant sexually abused both of his step-daughters on multiple occasions, despite the fact that the circumstances and methods of the abuse varied so widely over the nine-month period alleged by the indictments that we can find no clear common scheme or plan.

As the comments to Rule of Criminal Procedure 8 make clear, the purpose of the severance provisions is to ensure that the defendant is insulated from the evidence of the other offenses when that evidence is not otherwise admissible. Tenn. R. Crim. P. 8 advisory commission's cmts.; see also Burchfield, 664 S.W.2d at 288. Given this rationale and the fact that motions to consolidate offenses must generally be heard and decided prior to trial, we conclude that the Rules do not permit the State to justify an erroneous consolidation of offenses merely by electing the two offenses from all the proof that most closely resemble a common scheme or plan. Not only would such a result be contrary to the plain language of Rule 14(b)(1), which states that the defendant "shall have a right to a severance of the offenses" unless the offenses are parts of a common scheme or plan, but such a result would also be contrary to basic notions of fundamental fairness.

11

Because the State introduced no evidence of a common scheme or plan at the consolidation hearing, we find that the trial court abused its discretion in not holding separate trials on each of the indictments. In all cases in which the state seeks to consolidate multiple offenses by pre-trial motion over the objection of the defendant, the state must bring forth sufficient evidence at the hearing to establish that specific acts constitute parts of a common scheme or plan. When the offenses are alleged in an open-dated indictment, the state may not meet this burden of production with evidence later developed at trial,[12] and this Court will not look to such evidence to determine whether consolidation was proper.

While we do not necessarily require that the state make a pre-trial election of the offenses it will ultimately present to the jury for conviction, we recognize that the requirements of Rule 14(b)(1) may practically have this effect in many cases when the state seeks permissive joinder of offenses presented in an open-dated indictment. We also recognize that in some cases, the state may have difficulty deciding in advance upon which offense it should seek conviction; indeed, this is the very purpose of allowing the state to maintain some flexibility in prosecutions of child sexual abuse cases. Cf. Rickman, 876 S.W.2d at 828; Cox v. State, 196 Tenn. 624, 628, 270 S.W.2d 182, 183 (1954). However, this difficulty must be balanced against the defendant's right to a severance of offenses and the need to avoid exposing the defendant to needless risk of unfair prejudice. Therefore, when the state seeks to consolidate offenses that are alleged in open-dated indictments, we hold that the state must introduce sufficient proof at the pre-trial hearing to support a finding that specific acts constitute parts of a common scheme or plan.

**HARMLESS ERROR**

---

[12] In at least one reported case, the Court of Criminal Appeals looked to the offenses later elected by the state to determine whether multiple offenses in an open-dated indictment were properly consolidated prior to trial. See State v. Hoyt, 928 S.W.2d 935 (Tenn. Crim. App. 1995). No rationale was presented by the Hoyt court, and the court seems to have merely assumed the correctness of this method of review. However, for the reasons already stated, appellate courts should look to the evidence presented at the consolidation or severance hearing, and to the extent that Hoyt can be read to permit appellate review of severance issues based only upon the offenses actually elected at the close of the evidence, it is overruled.

Having determined that the trial court abused its discretion in consolidating the indictments over the appellant's objection, we must now decide whether that abuse of discretion affirmatively appears to have affected the outcome of the trial. See Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b). Because the Court of Criminal Appeals dismissed the assault charge, the only offense before this Court is that of child rape. The State argues that the Court of Criminal Appeals was correct in holding that the consolidation error was harmless because the jury instructions cured any error and because the disparity in the verdicts demonstrated that the jury considered each offense separately. Therefore, the State argues, because the evidence was "abundant and legally sufficient" with respect to the child rape indictment, any error in joining the two indictments did not affect the outcome of the trial. We disagree.

In most severance cases, "the line between harmless and prejudicial error is in direct proportion to the degree . . . by which proof exceeds the standard required to convict . . . ." Delk v. State, 590 S.W.2d 435, 442 (Tenn. 1979); see also Shirley, 6 S.W.3d at 250; Moore, 6 S.W.3d at 242. In this case, the evidence supporting the child rape indictment consisted only of the victim's testimony—either directly from L.S. or through second-hand testimony from other witnesses—and of medical testimony establishing that the victim's physical condition was consistent with multiple occurrences of sexual penetration. Although this Court will not reweigh the evidence where the evidence is sufficient for conviction beyond a reasonable doubt, see State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978), the evidence presented was hardly unimpeachable on any material point. For example, the examining nurse admitted that L.S.'s condition could have been the result of any one of a number of causes, and that at most, her condition was only consistent with sexual penetration. Further, L.S. testified that she could not remember making an earlier statement that contradicted her trial testimony with respect to being raped, and she was unable to say whether her memory of the events was better at the time of trial or when the events actually occurred. We agree with the Court of Criminal Appeals that when all the evidence is considered, the evidence was ultimately sufficient for conviction beyond a reasonable doubt. However, the evidence presented was certainly not overwhelming.

13

Writing in dissent in the intermediate court, Judge Hayes relied on State v. Hoyt, 928 S.W.2d 935 (Tenn. Crim. App. 1995), to find that "the appellant was unduly prejudiced by the joinder of these offenses." In Hoyt, the Court of Criminal Appeals reversed three convictions on the grounds that joinder of open-dated indictments involving multiple victims was inherently prejudicial. As was the case in Hoyt, Judge Hayes concluded that it was probable the testimony from each victim in this case bolstered the credibility of the other and invited the jury's reliance on the appellant's perceived propensity to sexually abuse his daughters.

We agree with Judge Hayes that joinder of open-dated indictments involving multiple victims is usually prejudicial because State v. Rickman seems to allow the jury to hear evidence of countless sexual episodes from each of the different victims. In most cases, a real probability exists that the jury could be overwhelmed by the sheer volume of prejudicial evidence and that the jury could be tempted to convict based upon a defendant's propensity to commit crimes rather than convict solely upon evidence relating to the charged offense. We do not agree, however, that joinder of open-dated indictments alleging offenses against multiple victims is inherently prejudicial. There may be some cases in which a jury is able to give separate attention and consideration to the evidence presented under each indictment such that an error in consolidation will not affirmatively affect the outcome of the trial.

Nevertheless, we conclude that the verdict in this case probably resulted in part from unfair prejudice ensuing from improper consolidation of the two indictments. The jury heard statements from L.S., who stated that the appellant raped her "every week," and from A.S., who stated that the appellant fondled her so often that she could not count. In addition, each victim testified to a number of sexual encounters with the appellant that were unrelated to the offenses eventually elected by the State. It is unlikely that the jury was not influenced by the perceived propensity of the appellant to sexually abuse his step-daughters, or that the testimony from each of the victims was not bolstered by the same type of testimony coming from the other. This perceived propensity combined with less than abundant evidence of rape leads us to conclude that the consolidation error affirmatively affected the outcome of the trial. Therefore, a

new trial on this indictment is needed to ensure that the appellant's conviction is not the result of unfair prejudice.

The State argues that the reduction by the jury of the aggravated sexual battery charge to that of misdemeanor assault shows that the jury separately considered the evidence of each offense. On the contrary, however, the jury's conviction on this indictment further strengthens our conclusion that the jury was unduly prejudiced. Because we agree with the Court of Criminal Appeals that no evidence supported a conviction on the assault charge submitted to the jury, the jury must have relied upon something other than the evidence to reach its verdict.[13]  It is not improbable, therefore, that the jury relied upon the perceived propensity of the appellant to sexually abuse his step-daughters to reach a decision in both cases, and for this reason, we find that the consolidation error was not harmless.[14]

## CONCLUSION

To summarize, we hold that the appellant's objection to the State's pre-trial motion to permissively consolidate offenses, along with his renewal of that objection in his motion for new trial, properly preserved the severance issue for appeal. We also hold that the trial court in this case abused its discretion in consolidating the two indictments because the State produced no evidence at the consolidation hearing to demonstrate that the two offenses were parts of a common scheme or plan. Because we further hold that this error affirmatively affected the outcome of the trial on its

---

[13] Although there are three different ways to commit assault in Tennessee, see Tenn. Code Ann. § 39-13-101 (1997), the jury was only instructed as to the method requiring the defendant to put the victim in reasonable fear of imminent bodily injury. The State did not even attempt to argue in the court below that the proof supported this type of assault, but rather it argued that the evidence supported assault based upon extremely offensive or provocative physical contact. We conclude, therefore, that because no evidence supported the charged offense, the verdict must have been the result of something other than consideration of the evidence.

[14] The State also argues that the error was harmless because the trial court gave clear instructions that the jury was to consider each indictment separately. Although a jury is presumed to follow the instructions given by the trial judge, State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998), this presumption is not conclusive, and where there is an indication that the jurors did not follow the instructions, an instruction will not help cure an otherwise prejudicial error. As already stated, the jury convicted the appellant on an offense for which there was no evidence, and this indicates that there may have been some spill-over effect between the two indictments. To the extent that the jury considered the propensity of the appellant to sexually abuse his daughter, the jury also ignored the "clear" instructions by the trial court. Therefore, the jury instructions in this case will not work to cure an otherwise prejudicial error.

merits, we vacate the appellant's conviction and sentence for child rape and remand this case to the Shelby County Criminal Court for a new trial consistent with this opinion. The judgment of the Court of Criminal Appeals is affirmed in part as modified and reversed in part.

Costs of this appeal are assessed against the State of Tennessee.

_____
WILLIAM M. BARKER, JUSTICE

CONCUR:

ANDERSON, C.J.
DROWOTA, BIRCH, HOLDER, JJ.