IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2001

**STATE OF TENNESSEE v. JOHN RILEY ROPER**

**Appeal from the Circuit Court for Blount County**
**No. C-9283     D. Kelly Thomas, Jr., Judge**

---

**No. E2000-00294-CCA-R3-CD**
**April 30, 2001**

---

The defendant appeals from his conviction for driving under the influence, third offense, contending that the trial court erred by denying his motion to sever. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Joe Coster, Maryville, Tennessee, for the appellant, John Riley Roper.

Paul G. Summers, Attorney General and Reporter; R. Stephen Jobe, Assistant Attorney General; Michael L. Flynn, District Attorney General; and William R. Reed, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, John Riley Roper, appeals as of right from his conviction by a Blount County jury for driving under the influence (DUI), third offense, a Class A misdemeanor. The trial court sentenced the defendant to eleven months, twenty-nine days, ordering him to serve one hundred twenty days in the county jail and the remainder on probation. The defendant contends that the trial court erred in denying his motion to sever the DUI offense and a possession of marijuana charge.

The day before the defendant's trial, the trial court denied the defendant's motion to sever, finding that the offenses arose out of the same criminal occurrence and that evidence of each offense would be admissible in the trial of the other. Immediately before the defendant's trial began, the trial court allowed the defendant to present evidence regarding his motion to sever. Blount County Sheriff's Deputy Ed Cox testified that he stopped the defendant for weaving in traffic on October 28, 1995. Deputy Cox stated that he smelled alcohol in the defendant's truck but that he did not recall if he detected an odor of marijuana. The defendant performed poorly on field sobriety tests and was arrested. Deputy Cox then searched the defendant's truck and found three partially smoked

marijuana cigarettes. He said that the defendant did not make any statements regarding marijuana and that he could not tell when the marijuana had been smoked. The trial court again denied the defendant's motion, stating that the evidence did not affect its earlier ruling.

At the conclusion of the defendant's trial, the jury found the defendant guilty of DUI, third offense. However, the jury could not reach a verdict regarding the possession of marijuana charge, and a mistrial was entered. The state subsequently entered a nolle prosequi as to the possession charge. The judgment for the DUI conviction was entered on January 31, 2000, and the defendant filed a notice of appeal on that same day. The record does not indicate that the defendant filed a motion for new trial.

Tennessee Rule of Appellate Procedure 3(e) provides that

in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for new trial; otherwise such issues will be treated as waived.

(Emphasis added); see State v. Seagraves, 837 S.W.2d 615, 618 (Tenn. Crim. App. 1992). However, an issue not included in a motion for new trial is not waived if the issue, when found to be meritorious, would result in the dismissal of a conviction. See State v. Keel, 882 S.W.2d 410, 416 (Tenn. Crim. App. 1994) (stating that the "ultimate question which this Court must resolve in determining whether there has been a waiver is: Will a favorable resolution of the issue posed by the appellant result in the granting of a new trial or the dismissal of the prosecution against the appellant?").

In this case, the defendant argues that he is entitled to a new trial because the trial court erred in denying his motion to sever. We note that a new trial is the relief which we would grant were we to conclude that the trial court erred in this respect. See State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999). Because the defendant did not file a motion for new trial, he obviously did not include the severance issue in such a motion. Accordingly, the issue has been waived. See Spicer v. State, 12 S.W.3d 438, 444 n.7 (Tenn. 2000) (noting that to preserve the issue of severance, "the defendant would need to raise the objection again in a motion for a new trial"). Moreover, we conclude that the record is devoid of any errors affecting the substantial rights of the defendant. See Tenn. R. Crim. P. 52(b).

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____

JOSEPH M. TIPTON, JUDGE