# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 26, 2002

## STATE OF TENNESSEE v. TRACY FARRELL

**Appeal from the Criminal Court for McMinn County**
**No. 00-360 thru 00-369 & 00-560     Carroll L. Ross, Judge**

---

**No. E2001-01199-CCA-R3-CD**
**May 21, 2002**

---

The defendant, Tracy Farrell, appeals from his eleven drug convictions rendered by a McMinn County Criminal Court jury. On appeal he challenges the trial court's failure to grant a severance of offenses. We have determined that the trial court did not abuse its discretion in denying the motion to sever offenses, and we affirm the conviction judgments.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

William A. Buckley, Jr. (at trial), William Donaldson and Julie A. Rice (on appeal), for the Appellant, Tracy Farrell.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Shari Tayloe, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The defendant was charged and convicted as follows:

| Count: | Offense Date: | Charge: | Conviction: |
|--------|---------------|---------|-------------|
| 1 | Jan. 13, 2000 | Sale of Schedule II | Same |
| 2 | Jan. 14, 2000 | Sale of Schedule II | Same |
| 3 | Jan. 18, 2000 | Sale of Schedule II | Same |

| 4 | Jan. 18, 2000 | Sale of Schedule VI | Same |
| 5 | Jan. 19, 2000 | Possession for sale of Schedule II | Same |
| 6 | Jan. 19, 2000 | Possession for sale Schedule VI | Same |
| 7 | Jan. 19, 2000 | Possession for sale Schedule II | Same |
| 8 | Jan. 19, 2000 | Possession for sale Schedule IV | Simple Possession Schedule IV |
| 9 | Jan. 19, 2000 | Simple Possession of Schedule IV | Same |
| 10 | Jan. 19, 2000 | Simple Possession Schedule IV | Same |
| Separate indictment | Jan. 19, 2000 | Possession for sale Schedule I | Simple Possession of Schedule I |

The defendant received an effective sentence of ten years in the Department of Correction and an aggregate fine of $27,000. On appeal, he challenges only the trial court's denial of his pretrial motion to sever counts 1, 2, 3, and 4 from each other and from any and all other counts of the indictments for purposes of trial.

The trial court conducted a pretrial hearing on the motion to sever and the state's motion to consolidate for trial the offenses charged in the two separate indictments. At the hearing, Tennessee Bureau of Investigation Agent Mike Finley testified that he orchestrated an undercover operation that used a confidential informant to purchase controlled substances from the defendant. On January 13, 2000 the informant went to the defendant's residence and purchased amphetamine, a Schedule II controlled substance, that resulted in the defendant being charged in count 1 of the indictment. On January 14, 2000, the informant again went to the defendant's residence and purchased cocaine, a Schedule II controlled substance, which resulted in the defendant being charged in count 2 of the indictment. On January 14, 2000, the informant again went to the defendant's residence and purchased methamphetamine, a Schedule II controlled substance, and marijuana, a Schedule VI controlled substance, resulting in the defendant being charged in counts 3 and 4 of the indictment. Agent Finley further testified that, on the basis of these three controlled purchases of drugs, he obtained a warrant to search the defendant's residence. The warrant was executed on January 19, 2000 and resulted in the discovery of methamphetamine (Schedule II), marijuana (Schedule VI), cocaine (Schedule II), diazepam (Schedule IV), lorazepam (Schedule IV), alprazolam

(Schedule IV), and methylenedioxymethamphetamine (Schedule I). The defendant's possession of these controlled substances in his home on January 19, 2000 resulted, respectively, in counts 5 through 10 of the first indictment and the single count of the second indictment. Agent Finley testified at the hearing that all of the controlled drug purchases carried out on January 13, 14, and 18, 2000 were routine and none was distinguishable from any of the others, except that by design the informant purchased a different type of drug on each of the three occasions. The confidential informant was wired with a transmitter that allowed Agent Finley to overhear and record conversations among the informant and other persons at the defendant's residence. Agent Finley, who had previously been acquainted with the defendant and who spoke with the defendant during the January 19 execution of the search warrant, testified that the defendant's voice was recorded during each of the three transactions with the confidential informant.

At the hearing on the defendant's motion to sever and the state's motion to consolidate, the state argued that the evidence of the three controlled buys should be admissible in a trial of the January 19 possession offenses in order to establish that on January 19 the defendant possessed controlled substances with the intent to sell them. The trial court agreed, denied the motion for severance, and consolidated the two indictments for trial. The defendant was then tried before a jury in a joint trial of all counts. The jury convicted him of the charged offenses, except for count 8 and the single count in the second indictment, where the jury convicted the defendant of the lesser-included offenses of simple possession.

We review the trial court's denial of the defendant's motion to sever offenses for an abuse of discretion. *Spicer v. State*, 12 S.W.3d 438, 442 (Tenn. 2000); *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). Accordingly, the trial court's decision to deny the severance will not be reversed unless that court misapplied a legal standard or reached a conclusion that defies logic or resulted in an injustice to the aggrieved party. *Spicer*, 12 S.W.3d at 443. Typically, "evidence and arguments tending to establish or negate the propriety of consolidation [or severance] must be presented to the trial court in the hearing" on a pretrial motion. *Id*. at 445. "[B]ecause the trial court's decision of whether to consolidate offenses is determined from the evidence presented at the hearing, appellate courts should usually only look to that evidence, along with the trial court's findings of fact and conclusions of law, to determine whether the trial court abused its discretion by improperly joining the offenses." *Id*.; *see Shirley*, 6 S.W.3d at 247.

On one hand, trial courts are permitted to join offenses for trial if "the offenses constitute parts of a common scheme or plan or if they are of the same or similar character." Tenn. R. Crim. P. 8(b). On the other hand, if two or more offenses have been joined or consolidated for trial pursuant to Rule 8(b), "the defendant shall have a right to a severance of the offenses *unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others*." *Id*. 14(b)(1) (emphasis added).

In order to determine whether "evidence of one would be admissible upon the trial of the others," courts look to the provisions of Tennessee Rule of Evidence 404, which governs the use of character evidence. Generally, "[e]vidence of a person's character or trait of character is not

admissible for the purpose of proving action in conformity with the character or trait on a particular occasion." Tenn. R. Evid. 404(a). Evidence of "other crimes, wrongs, or acts," however, may be admissible for other purposes such as proving identity, criminal intent, or rebuttal of accident or mistake. *Id*. at 404(b); Tenn. R. Evid. 404, Advisory Comm'n Comments; *State v. Hallock*, 875 S.W.2d 285, 292 (Tenn. 1993). To determine whether evidence of other crimes, wrongs or acts is admissible under Rule 404(b), for a purpose other than to prove that the person acted in conformity with a character trait, the trial court must determine whether "a material issue exists other than conduct conforming with a character trait," and the court "must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice." Tenn. R. Evid. 404(b).

Pursuant to Rule of Criminal Procedure 14(b)(1), the state cannot defeat the defendant's right to severance of offenses if evidence of one offense would be inadmissible upon trial of the others pursuant to Evidence Rule 404(b) *or* if the offenses are not part of a common scheme or plan. Our courts have defined "common scheme or plan" evidence as "(1) offenses that reveal a distinctive design or are so similar as to constitute 'signature' crimes; (2) offenses that are part of a larger, continuing plan or conspiracy; and (3) offenses that are all part of the same criminal transaction." *Shirley*, 6 S.W.3d at 248. In the present case, the parties at least implicitly agree that the evidence supporting counts one through four falls within the second category.

We take care to note that evidence of a defendant's other bad acts would not be admissible under Rule 404(b) *merely* because it bespeaks a common scheme or plan. *See State v. Moore*, 6 S.W.3d 235, 239 (Tenn. 1999). To the contrary, our law requires that, to be admissible, Rule 404(b) evidence must be relevant to a material issue at trial, such as identity, intent, or absence of mistake or accident. *See State v. Joe N. Anderson*, No. E1998-00378-CCA-R3-CD, concurring op. at 1 (Tenn. Crim. App., Knoxville, Dec. 7, 1999) (Witt, J., concurring).[1]

Therefore, the court may not deny a severance pursuant to Tennessee Rule of Criminal Procedure 14(b)(1) unless it concludes "from the evidence and arguments presented at the hearing that: (1) the multiple offenses constitute parts of a common scheme or plan; (2) evidence of each offense is relevant to some material issue in the trial of the other offenses; and (3) the probative value of the evidence of other offenses is not outweighed by the prejudicial effect admission of the evidence would have on the defendant." *Spicer*, 12 S.W.3d at 445 (internal citations omitted).

---

[1] Character-type evidence of a common scheme or plan is inadmissible unless it is otherwise relevant to a material issue. For instance, evidence of a signature-type common scheme or plan is often useful to identify a defendant as the perpetrator of a signature offense by showing through other identification evidence that he was the perpetrator of another offense bearing the same "signature." *See Moore*, 6 S.W.3d at 239. Were this not the rule, the state could defeat an exercise of the defendant's Rule 14(b)(1) right to severance by *merely* showing that the evidence is part of a common scheme or plan; not only would a common scheme or plan satisfy that explicit prong of Rule 14(b)(1), but it would also bootstrap the state into a showing that the evidence via common scheme or plan would be admissible in both or all of the offenses at issue.

With these principles in mind, we examine the defendant's claim that the trial court erred when it denied his motion to sever counts 1, 2, 3, and 4 from each other and from the remaining counts of the indictments. Counts 5 through 10 of the first indictment and the single count of the second indictment are based upon evidence found in the defendant's residence when the warranted search was carried out. Some of these counts contained allegations that the contraband was possessed by the defendant with the intent to sell or deliver it. Thus, the defendant's intent in possessing the contraband at his home is material to the issues at trial. *See* Tenn. Code Ann. § 39-17-417(a)(4) (Supp. 2001) (proscribing the possession of a controlled substance with the intent to manufacture, deliver or sell such controlled substance).

It is basic law that intent may be shown -- and often must be shown, if at all -- by circumstantial evidence. *See, e.g., State v. Bush*, 942 S.W.2d 489, 501 (Tenn. 1997); *State v. Chrisman*, 885 S.W.2d 834, 838 (Tenn. Crim. App. 1994); *State v. Burkley*, 804 S.W.2d 458, 460 (Tenn. Crim. App. 1990). In the hearing on the motion to sever, the state posited that it needed evidence of the defendant's drug sales on January 13, 14 and 18, 2000 as a means of showing that the defendant possessed other drugs on January 19 with the intent to sell them. This court has previously held that evidence of drug sales is relevant to the question of whether another possession of drugs was with the intent of sale. *See State v. Johnny Wayne Tillery*, No. 01C01-9506-CC-00182, slip op. at 17 (Tenn. Crim. App., Nashville, Mar. 30, 1998). Thus, in this case, we believe that evidence of the January 13, 14 and 18 sales was relevant to the material issue of whether the defendant intended to sell the drugs found in his home on January 19.

Furthermore, in our view the prejudicial effect of the evidence of drug sales did not outweigh the probative value. The evidence of each sale in counts 1 through 4 was very similar to the evidence in each of the other sales, and it is doubtful that the inclusion of evidence of more than one such sale created an unfair risk of conviction of any sale. Each sale depended upon the credibility of Agent Finley. For much the same reasons, we believe the probative value of the evidence of the sales outweighed any prejudice to the defendant on the possession counts. Our conclusion is born out by the jury's reaction to the proof at trial. In two counts charging that the defendant possessed drugs on January 19, 2000 with the intent to sell them, the jury acquitted him of possession with intent to sell and convicted him of the lesser-included offenses of simple possession.

Accordingly, we find no abuse of discretion in the trial court's denial of the motion to suppress and we affirm the judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

-5-