# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Opinion on Remand

## STATE OF TENNESSEE v. BRODERICK JOSEPH SMITH

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-501      J. Randall Wyatt, Judge**

---

**No. M2011-01173-CCA-RM-CD - Filed August 15, 2011**

---

On May 26, 2011, the Tennessee Supreme Court remanded this case for reconsideration in light of its opinion in State v. Garrett, 331 S.W.3d 392 (Tenn. 2011). In Garrett, our supreme court clarified the proper procedure to be used when a defendant requests a severance of offenses pursuant to Tennessee Rule of Criminal Procedure 14. Id. at 401-05. At issue upon remand in this case is whether the trial court erred in its denial of the Defendant's motion to sever one count of aggravated robbery from the remainder of the indictment. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Carol Dawn Deaner, District Public Defender; Jeffery A. DeVasher, Assistant Public Defender (on appeal); and Joseph Michael Engle, Assistant Public Defender (at trial), for the appellant, Broderick Joseph Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Hunter Eisenbeck and Robert Homlar, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

A full recitation of the facts of this case may be found in this court's previous opinion. See State v. Broderick Joseph Smith, No. M2009-01427-CCA-R3-CD, 2011 WL 322358

(Tenn. Crim. App. Jan. 14, 2011). As pertinent to this review, the record reflects that on June 24 and 25, 2007, the Defendant robbed a gas station and two banks, committed two carjackings, attempted a third carjacking, attempted to take the vehicles of three other people, and assaulted a man who tried to help one of the victims. On October 26, 2007, a seven-count indictment was filed, charging the Defendant with two counts of carjacking, three counts of attempted robbery, one count of assault, and one count of leaving the scene of an accident.[1] A superseding indictment was filed on February 27, 2009, adding additional charges of aggravated robbery and attempted carjacking. On March 2, 2009, the Defendant filed a motion to sever the aggravated robbery charge from the remainder of the indictment.

Relying on the presentment and testimony from the preliminary hearing, the Defendant's motion to sever stated that the aggravated robbery occurred at 1:30 p.m. on June 24, 2007, the first carjacking occurred at 10:21 p.m. on June 24, 2007, and the rest of the indicted crimes occurred in rapid succession around 2:30 p.m. on June 25, 2007. The Defendant argued in his motion that the aggravated robbery charge was not part of a common scheme or plan because the victim knew the Defendant while the other victims did not; there was a surveillance video of the aggravated robbery while there was no video evidence of the other crimes; and the other crimes occurred "in close proximity," while the aggravated robbery occurred "on the other side of town."

The State responded to the Defendant's motion by arguing that joinder of the aggravated robbery charge was mandatory. In support of this argument, the State presented a statement the Defendant gave to police shortly after his arrest. The Defendant told the interviewing officers that he needed money to buy a handgun because he was planning to kill his ex-girlfriend and her new boyfriend. The Defendant stated that "I knew in order for me to do it, I had to get some money, I had to get out of town [and] regroup, then I was going to come back." Once the Defendant returned to Nashville, he was going to find his ex-girlfriend and her boyfriend and "kill them mother f-----s" along with "who ever got in my way . . . ." The State argued that this statement showed that the aggravated robbery and the other indicted crimes were part of a common scheme or plan by the Defendant to get money so he could kill his ex-girlfriend and her boyfriend.

The trial court held a hearing on this issue on March 3, 2009, and issued a written order denying the Defendant's motion to sever on March 4, 2009. The trial court concluded that joinder of the aggravated robbery count was not mandatory. Instead, the trial court ruled that joinder was permissive pursuant to Tennessee Rule of Criminal Procedure 8(b). Accordingly, the trial court analyzed the Defendant's motion using the severance provisions of Rule 14(b)(1), reasoning as follows:

---

[1]The charge of leaving the scene of an accident was dismissed prior to trial.

The trial court may not deny a severance request unless it conducts a hearing and determines from the evidence that: "(1) the multiple offenses constitute parts of a common scheme or plan, (2) evidence of each offense is relevant to some material issue in the trial of all the other offenses; and (3) the probative value of the evidence of other offenses is not outweighed by the prejudicial effect that admission of the evidence would have on the defendant." Spicer v. State, 12 S.W.3d 438, 443 (Tenn. 2000).

Using the analysis described above, the trial court made the following findings of fact and conclusions of law:

> The [trial court] finds that the Defendant committed a series of robberies and carjackings over a period of [25] hours. The [trial court] finds that the State has put forth evidence, through the Defendant's own admissions, suggesting that these acts were part of a crime spree, performed in order to effectuate the goal of acquiring funds to purchase a handgun. The [trial court] finds that each crime was committed within a [15] mile radius of the others, that the crimes were all committed in a [26] hour period, involving [11] different criminal actions, and that none of the crimes were performed more than [9] hours apart from the others. The [trial court] also finds that the acts were of similar character, with each involving the Defendant physically threatening an individual in an attempt to deprive him or her of money or property or to effectuate an escape from the theft. The [trial court] therefore finds that these acts constitute a larger, continuing plan creating a common scheme or plan under Rule 14.

> The [trial court] also finds that the evidence of the common plan is material to relevant issues at trial, including the identity of the assailant, as well as motive. The [trial court] finds that evidence of a common scheme to steal in order to purchase a handgun to commit a crime of passion could identify the Defendant as the perpetrator of this aggressive, seemingly haphazard crime spree across the area. Finally, the [trial court] finds that the probative value of the inclusion of all counts would outweigh the prejudicial effects. The [trial court] finds that the Defendant's admissions demonstrate a motive that preexisted the [a]ggravated [r]obbery charge . . . and that evidence of his first robbery assists the jury in demonstrating that the Defendant is the person committing these other crimes, that he has the motive to do so, and that he is doing so in order to effectuate a specific goal. The [trial court] finds that any prejudice the Defendant might incur as a result of the similarity of this crime to the other crimes is substantially outweighed by the probative value of

its inclusion. The [trial court] therefore finds that severance should not be granted under Rule 14.

The trial court also ruled that the State could present evidence at trial of the Defendant's armed bank robbery convictions related to the indicted crimes and a redacted version of the Defendant's statement to the police. The trial court ordered that any reference to the Defendant's attempts to obtain a handgun or his plan to murder his ex-girlfriend and her new boyfriend be redacted from the statement. The State was permitted to show that the Defendant committed the bank robberies and the indicted crimes in order to obtain money to purchase an item, but the State could not inform the jury what the item was. Following a jury trial, the Defendant was convicted on all counts and sentenced to 89 years. See Smith, 2011 WL 322358 at *1-5.

## ANALYSIS

The Tennessee Supreme Court in Garrett addressed "the proper procedure" regarding the rules of joinder and severance because "some trial courts and prosecutors continue to struggle with the proper application of these rules in various factual contexts." 331 S.W.3d at 402. A trial court's denial of a motion to sever is reviewed under an abuse of discretion standard. Id. at 401 (citing Spicer, 12 S.W.3d at 442). Tennessee Rule of Criminal Procedure 8(b) provides that "[t]wo or more offenses may be joined in the same indictment" if the offenses are either (1) "parts of a common scheme or plan" or (2) "of the same or similar character." However, Rule 14(b)(1) provides that if "two or more offenses are joined . . . pursuant to Rule 8(b), the defendant has the right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible in the trial of the others." Accordingly, once a defendant makes a motion to sever or objects to a pre-trial consolidation motion by the State, "the trial court must consider the motion by the severance provisions of Rule 14(b)(1)" instead of the provisions of Rule 8(b). Id. at 402 (quoting Spicer, 12 S.W.3d at 443).

Upon a defendant's motion to sever, "the trial court must hold a hearing in order to gather the information necessary to adjudicate the issue." Garrett, 331 S.W.3d at 403. In Garrett, our supreme court emphasized "both the need for a hearing and the equally important requirement that the trial court support its ensuing ruling with findings of fact and conclusions of law." Id. The trial court must sever the offenses unless it can

> conclude from the evidence and arguments presented at the hearing that: (1) the multiple offenses constitute parts of a commons scheme or plan; (2) evidence of [one] offense is relevant to some material issue in the trial of all the other offenses; and (3) the probative value of the evidence is not

-4-

outweighed by the prejudicial effect that admission of the evidence would have on the defendant.

Id. (quoting Spicer, 12 S.W.3d at 445) (citations omitted).

Our supreme court reiterated that the primary issue of any severance case is whether the evidence of one offense would be admissible in the trial of the other if the two offenses remained severed. Garrett, 331 S.W.3d at 402. Put another way, a severance motion is essentially "a question of evidentiary relevance." Id. (quoting Spicer, 12 S.W.3d at 445). As our supreme court has previously stated, "a common scheme or plan for severance purposes is the same as a common scheme or plan for evidentiary purposes." State v. Moore, 6 S.W.3d 235, 240 n.7 (Tenn. 1999). Tennessee Rule of Evidence 404(b) excludes evidence of "other crimes, wrongs, or acts" committed by the defendant when offered only to show the defendant's propensity to commit the crime charged. This is because such evidence lacks relevance and invites the finder of fact to infer guilt from propensity. Garrett, 331 S.W.3d at 402-03. However, evidence of prior bad acts may be admissible for other purposes, such as "to show identity, guilty knowledge, intent, motive, to rebut a defense of mistake or accident, or to establish some other relevant issue." Moore, 6 S.W.3d at 239 n.5 (quoting State v. Hallock, 875 S.W.2d 285, 292 (Tenn. Crim. App. 1993)).

The facts of the Defendant's case are markedly different from the facts in Garrett. The defendant in Garrett "was indicted separately for two different criminal episodes, one involving an aggravated robbery and the other involving a homicide and an especially aggravated robbery." 331 S.W.3d at 395. The only similarity between the two crimes was that the defendant had robbed both victims in order to steal the wheel rims from their vehicles. Id. at 397-400. In Garrett, the State filed a motion to consolidate the two indictments "on the grounds that the offenses charged constitute[d] parts of a common scheme or plan and/or the offenses charged [were] of the same or similar character." Id. at 396. The defendant objected to the State's motion arguing that consolidation was not proper. Id. The trial court granted the State's motion over the defendant's objection without holding a hearing and did not issue findings of fact and conclusions of law in support of its ruling. Id. at 404. Furthermore, the trial court granted the State's motion on the basis of the provisions found in Rule 8(b) instead of analyzing the issue under the severance provisions of Rule 14(b)(1). Id. Our supreme court conducted "the analysis that the trial court failed to conduct" and concluded that there was no evidence that the crimes were part of a common scheme or plan. Id. at 404-05. Accordingly, the supreme court held that the trial court erred by consolidating the indictments in the face of the defendant's objection. Id. at 405.

Unlike the trial court in Garrett, the trial court in this matter held a hearing, supported its ruling with findings of fact and conclusions of law, and applied the proper analysis under

Rule 14(b)(1). Additionally, the State presented evidence, through the Defendant's statement to the police, that the aggravated robbery was part of a continuing scheme or plan. For offenses to be considered part of a continuing scheme or plan, the crimes must be directed toward a "common goal or purpose." State v. Denton, 149 S.W.3d 1, 15 (Tenn. 2004) (quoting State v. Hoyt, 928 S.W.2d 935, 943 (Tenn. Crim. App. 1995)) (quotation marks omitted). This "requires proof of 'a working plan, operating towards the future with such force as to make probable the crime for which the defendant is on trial.'" State v. Allen Prentice Blye, No. E2001-01375-CCA-R3-CD, 2002 WL 31487524, at *5 (Tenn. Crim. App. Nov. 1, 2002) (quoting Hoyt, 928 S.W.2d at 943), perm. app. denied (Tenn. Mar. 10, 2003). The continuing scheme or plan category "has typically been restricted to cases involving crime sprees, where the defendant commits several crimes quite closely in time to one another." Id. (citing State v. Hall, 976 S.W.2d 121, 146 (Tenn. 1998) (appendix)). The Defendant's statement to the police is clear that all of the indicted crimes were committed in order to obtain money to purchase a handgun, "get out of town," and "regroup" so he could return to Nashville and kill his ex-girlfriend, her new boyfriend, and anyone else who got in his way. Unlike Garrett, there was sufficient evidence for the trial court to conclude that the aggravated robbery and the other indicted crimes arose from a common scheme or plan.

With regard to the remaining elements of the Rule 14(b)(1) analysis, we agree with the trial court's conclusion that evidence of the aggravated robbery would have been admissible in the trial of the other offenses if they had been severed. The trial court concluded that evidence of the aggravated robbery was material to establishing the Defendant's identity and motive. The Defendant's desire to kill his ex-girlfriend and his need for money to obtain a handgun was the common thread running through all of the Defendant's crimes. Unlike the other indicted crimes, the aggravated robbery provided evidence that illustrated the Defendant's motive to obtain money. Without this evidence, the jury would have been left to consider a "seemingly haphazard crime spree across the area" with no apparent motive. Additionally, we agree with the trial court's conclusion that the probative value of the evidence outweighed its prejudicial effect because evidence of the aggravated robbery provided significant evidence regarding the Defendant's motive. Accordingly, we conclude that the trial court did not err by denying the Defendant's motion for severance.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE