UNITED STATES of America,
Plaintiff–Appellee,

v.

Jason C. REDDITT, Defendant–
Appellant.

No. 01–6401.

United States Court of Appeals,
Sixth Circuit.

May 21, 2003.

Tony R. Arvin, Asst. U.S. Atty., Memphis, TN, for Plaintiff–Appellee.

Mary C. Jermann, Office of the Federal Public Defender for the Western District of Tennessee, Memphis, TN, for Defendant–Appellant.

Before BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

Defendant–Appellant Jason Chad Redditt appeals from a jury conviction and seventy-two year sentence imposed on three counts of carjacking under 18 U.S.C. § 2119, one count of transferring a firearm to a juvenile under 18 U.S.C. §§ 922(x)(1)(A) and 924(a)(6)(B)(ii); and three counts of brandishing and discharging a firearm during a crime of violence under 18 U.S.C. § 924(c). He claims seven assignments of error on appeal. First, he asserts the district court lacked subject matter jurisdiction because § 2119, the federal carjacking statute, is not a proper exercise of Congress' Interstate Commerce Clause powers. Second, he claims the district court committed error in denying his motion to suppress the confessions he made to Memphis police officers. Third, he claims the jury verdict was based on insufficient evidence. Fourth, he claims the district court erred in denying his motion to sever several of the counts. Fifth, he claims the sentence imposed upon him was in error because the extraordinary circumstances of his case mandate a downward departure on his sentence. Sixth, he claims that the sentences for his three § 924(c) convictions should have run concurrently, not consecutively, under *United States v. Sims*, 975 F.2d 1225 (6th Cir.1992), and the Double Jeopardy clause of the Fifth Amendment. Lastly, he claims the district court committed error in denying his motion for an independent medical examination to test his competence.

We affirm the district court on all issues, finding that the federal carjacking statute,

18 U.S.C. § 2119, is constitutional under the Interstate Commerce Clause; and that the district court committed no error in denying Redditt's motions or calculating his sentence.

## I. Facts

On January 7, 2000, Redditt and his seventeen year-old accomplice, Travis Townes, driving a Toyota Camry, rear-ended a Cadillac driven by Sean Owens, while Owens was waiting at a stop light in Memphis, Tennessee. Owens, and his passenger, William Brown, exited the vehicle, with the keys still in the ignition, to inspect the damage to Owens' Cadillac. At this point, Townes exited the Camry, approached Owens with a drawn pistol, and ordered Owens and Brown away from the Cadillac. Townes then drove Owens' Cadillac, followed by Redditt in the Camry, leaving Owens and Brown stranded.

On January 13, 2000, Redditt and Townes, again in the Camry, approached a man, Fort Wiseman, as Wiseman was washing his Chevrolet Silverado at a Memphis self-service car wash. As Wiseman was washing his truck, Redditt and Townes exited the Camry and approached Wiseman. Redditt pointed a firearm at Wiseman. Wiseman turned to run, and Redditt shot him from behind in the right hip. As Wiseman lay on the ground, Redditt straddled him and rummaged through Wiseman's pockets, taking Wiseman's wallet and keys. Townes subsequently drove away in Wiseman's truck, followed by Redditt in the Camry.

On January 17, 2000, Redditt and Townes, again in the Camry, followed Jennifer Krebsbach and her Cadillac Escalade to her Memphis apartment complex. As she parked her car. Redditt pulled the Camry behind her, blocking her vehicle. Townes exited the Camry, approached Krebsbach's window, and forced her from her vehicle at gunpoint. Again, Townes drove away in Krebsbach's vehicle as Redditt followed in the Camry.

However, Krebsbach's Cadillac was equipped with an OnStar Navigation System, allowing police officers to locate the vehicle, which they did at another nearby Memphis apartment complex. There, police observed Redditt ransacking the vehicle. Redditt fled when uniformed police officers approached him. Redditt and Townes were separately arrested a short time later.

Redditt and Townes were each taken into custody and spent the night in jail. The next day, January 18, Redditt was interrogated from 4:30 in the afternoon until nearly 2:00 the next morning. It is undisputed that Redditt signed an advice of rights form upon the commencement of his interrogation, indicating that he had received and understood his *Miranda* warnings. Over the course of the interrogation, Redditt proceeded to sign four statements indicating his involvement in the carjackings. In the first statement, Redditt also answered affirmatively to whether his statements were voluntarily and freely given, without any threats or promises.

Redditt was charged with eight criminal counts arising out of the carjackings. Principally, Redditt was charged with the three carjackings under 18 U.S.C. § 2119, and aiding and abetting the same under 18 U.S.C. § 2; as well as five weapons charges under 18 U.S.C. §§ 922 and 924. Redditt did not plead, and went to trial on each count. Before the trial, Redditt filed motions to suppress the confessions as coerced, to sever the eight charges. After the trial, he filed a motion requesting an independent medical exam to determine his competence. The district court denied all three motions in turn. On October 16, 2001, Redditt was found guilty by a jury of

seven of the eight counts, including each of the three carjackings. He was found not guilty only of a § 924(h) weapons charge of transferring a firearm with knowledge that such firearm would be used in a crime of violence. Redditt was sentenced to a total of seventy-two years (864 months). He filed a notice of appeal on October 31, 2001, and his appeal is timely before this Court pursuant to Fed. R.App. P. 4(b).

## II. Analysis

### A. Subject Matter Jurisdiction

Redditt challenges the subject matter jurisdiction of the district court in this case. He claims Congress had no authority to rely upon its Commerce Clause powers in enacting the federal carjacking statute, 18 U.S.C. § 2119. That statute imposes a federal penalty on anyone who, "with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation." 18 U.S.C. § 2119. Basically, Redditt claims that Congress' reliance on the condition that each car has been transported through interstate commerce is too weak a connection for Congress to impose Commerce Clause jurisdiction.

We have already considered and decided the constitutionality of § 2119 in *United States v. McHenry*, 97 F.3d 125 (6th Cir. 1996). Section 2119 is "designed to regulate and protect" the automobile, which, in and of itself, because of its place, like a train or an airplane, in transporting goods interstate, is "an 'instrumentality' of interstate commerce." *McHenry*, 97 F.3d at 126. The Supreme Court has held that Congress has the power under the Interstate Commerce Clause to legislate in regard to instrumentalities of interstate commerce, even against threats to those instrumentalities coming strictly from intrastate sources, such as criminal activity. *See United States v. Lopez*, 514 U.S. 549, 551, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).

■ Moreover, § 2119 protects against an activity that has the potential to "substantially affect" interstate commerce. *See Lopez*, 514 U.S. at 558–59, 115 S.Ct. 1624 (stating that activities which have an effect on interstate commerce are within the jurisdiction of Congress). Carjackings in the aggregate put a strain on the national automobile industry, thus affecting interstate commerce, and bringing the activity within the scope of Congress' Interstate Commerce Clause power. *McHenry*, 97 F.3d at 126. We again hold that § 2119 is a constitutional exercise of Congress' power.

### B. Motion to Suppress

Redditt seeks to suppress his four signed confessions, which together indicate that he had participated in each of the three carjackings. Redditt claims that his confessions were the product of coercion. Specifically, Redditt claims that the interrogating officers deprived him of food, held him an unduly long time, and made promises of leniency in order to induce the confessions. Moreover, Redditt claims that he did not voluntarily waive his *Miranda* rights. The district court denied Redditt's motion to suppress, finding that Redditt gave the confessions voluntarily, was not subject to coercion, and understood his *Miranda* rights when he signed the advice of rights form.

#### 1. Voluntariness

The test is "whether, considering the totality of the circumstances, the conduct of the law enforcement officials is such as to overbear the accused's will to resist."

*Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir.1994). Essentially, the test is a three step process. First, we must determine whether the officers engaged in coercive activity; second, we must determine whether the defendant's state of mind was such as to have been susceptible to coercion; and third, the defendant must prove causation between the coercive activity and the confession, such that the police coercion was the "crucial motivating factor" in the defendant's decision to confess. *See McCall v. Dutton*, 863 F.2d 454, 458 (6th Cir.1988).

As evidence of coercion, Redditt asserts, first, that police made him promises in exchange for his confession. He claims that, although he answered affirmatively that his statement was freely and voluntarily given without threats or promises, his statement was indeed given in exchange for a promise that he would not be charged under federal law. Redditt claims that Sergeant James Howell, an interrogating officer, told him it would be better for Redditt to cooperate with Memphis police rather than the "feds." Second, Redditt claims that the nine hours he was questioned is such an unreasonably long time as to make the interrogation necessarily coercive. And lastly, he claims that he was denied food in an effort by police officers to overbear his will.

■ We affirm the district court and find that Redditt's confession was voluntary. Even if Redditt's account is true, there is not evidence to support coercion. Redditt claims that he was told that unless he confessed he "would be looking at forty years of federal time on a carjacking charge." Redditt asserts that this amounts to a promise of leniency, and thus coercion in attaining his confession. However, this statement, if said, does not demonstrate a promise of lesser time or charges, or any kind of promise of leniency

whatsoever. Redditt seems to argue that within these statements is an implied promise that, should he confess, his case would be tried in state court. In *Williams v. Withrow*, 944 F.2d 284 (6th Cir.1991), *aff'd in part, rev'd in part*, 507 U.S. 680, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993), we discussed when promises of leniency amounted to coercion. On its face, a promise not to be brought under federal charges does not itself evidence the type of promise considered in *Williams*. There, the defendant was promised immediate release and that he would not be charged *at all*, should he confess. Here, even if Redditt were given what he claims he was promised, he is still facing Tennessee state charges with a signed confession, with no expectation of reduced time. Accordingly, we hold that a promise to stay out of federal court does not rise to the level of the type of promises of leniency required to prove coercion.

■ Redditt also claims coercion in being held in the questioning room for nine hours. However, we have held that there is nothing necessarily coercive about a nine hour interrogation, and nothing necessarily coercive about an interrogation that lasts into the night. *See Ledbetter*, 35 F.3d at 1069 (upholding confession after interrogation that lasted until 3:00 a.m.). Regardless, Redditt was not interrogated the full nine hours. Part of that time, officers were interrogating Townes, and Redditt was in the room by himself. Moreover, there is nothing particularly coercive about not eating for nine hours. And Redditt admits, although he was not given a full meal, that he was given a bag of chips and a can of soda, indicating that he was not cruelly deprived of sustenance. Furthermore, Redditt admits he was not hungry during the time he was held.

## 2. *Miranda* Waiver

Redditt also challenges the voluntariness of his *Miranda* waiver. Upon arriving at the interrogation, Redditt signed an advice of rights form, which he now claims he never read. Furthermore, Redditt was subsequently given *Miranda* warnings with each of his four signed statements. The burden of proving that *Miranda* rights were voluntarily and knowingly waived lies with the government by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168–69, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The test for whether a *Miranda* waiver is voluntary is essentially the same as the test for whether a confession is voluntary. *Connelly*, 479 U.S. at 169–70, 107 S.Ct. 515. Above, we stated that the confessions were not the product of coercion. For the same reasons, we find Redditt's *Miranda* waiver to be voluntary.

The waiver must also be knowing. Again, five times Redditt signed a statement indicating he was waiving his *Miranda* rights. Redditt has an eleventh grade education and has never claimed he cannot read. Moreover, Redditt had significant experience with the criminal justice system, having been arrested several times before, as both a juvenile and an adult. Accordingly, we find that Redditt's waiver was made knowingly.

## C. Sufficiency of the Evidence

Redditt also claims that the evidence presented against him was insufficient to support his conviction. In his brief, Redditt bases this argument on his hope that he will be able to persuade this Court that his confession should have been suppressed. As stated above, we find that the district court did not err in failing to suppress Redditt's confession. The standard of review for challenges to sufficiency of the evidence is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Stines*, 313 F.3d 912, 919 (6th Cir.2002) (quoting *United States v. Warwick*, 167 F.3d 965, 970–71 (6th Cir.1999) (citations omitted)). Taking the evidence in the light most favorable to the prosecution, the signed confessions, not suppressed, provide overwhelming evidence of Redditt's guilt and are enough to support the convictions. "A confession is like no other evidence. Indeed, the defendant's own confession is probably the most probative and damaging evidence that can be admitted against him." *Arizona v. Fulminante*, 499 U.S. 279, 296, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

## D. Motion to Sever

Redditt next claims that each of the three § 2119 carjacking counts should have been tried separately. A district court's denial of a motion to sever is reviewed for abuse of discretion. *United States v. Anderson*, 89 F.3d 1306, 1312 (6th Cir.1996). Fed.R.Crim.P. 8(a) provides the rules for proper joinder and states:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Moreover, we have held that Rule 8 should be construed in favor of joinder. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir.2002).

■ Without addressing Fed.R.Crim.P. 8(a), Redditt purports to rely on Tennessee law and *Spicer v. State,* 12 S.W.3d 438, 445 (Tenn.2000), in particular, and claims the proper test for joinder is only whether each crime would be admissible at a trial for another. He thus claims that each of his counts must be separated because evidence of each carjacking would be an inadmissible prior bad act at a trial on one of the other carjackings. This assertion is meritless. First, there is no reason here to discard federal procedural rules in favor of state procedural rules. Second, notwithstanding that Redditt is unlikely to prevail even under the standard he purports, Redditt misreads *Spicer.* That case rests its holding on Tenn. R.Crim. P. 8(b), which is nearly identical to Fed.R.Crim.P. 8(a). Therefore, examination under Tennessee law rather than federal law, even if proper, would do nothing to change our analysis.

Under Fed.R.Crim.P. 8(a), joinder is proper if the charges are of a "same or similar character." Accordingly, because each of Redditt's charges stem from a carjacking, joinder is appropriate.

### E.   Downward Departure

Redditt next claims that he should have been granted a downward departure to his sentence. We review a district court's decision on a downward departure for abuse of discretion. *United States v. McGahee,* 257 F.3d 520, 531 (6th Cir.2001). However, this Court has "consistently held that the decision by a district court not to depart downwards (sic) from the Guidelines is not reviewable on appeal unless the record reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Bearden,* 274 F.3d 1031, 1038 (6th Cir.2001) (quoting *United States v. Butler,* 207 F.3d 839, 843 (6th Cir.2000));

*see also United States v. Stewart,* 306 F.3d 295, 329 (6th Cir.2002).

■ Redditt claims that he should have been entitled to a downward departure because Townes received only a fifteen-year sentence after pleading guilty in state court. The relevant federal sentencing statute, 18 U.S.C. § 3553(b), provides that the court should only deviate from the applicable range where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." We have no reason to believe that the district court did not know or did not understand this standard. At sentencing, the district court impliedly acknowledged its discretion and decision not to exercise it, stating:

> The court finds that the guidelines are calculated in the presentence report properly....
>
> In terms of a sentence ... whatever discretion the court has about the guideline range makes very little difference in your sentence which of course is going to be a long and very serious one. I cannot say, however, that that long and serious sentence is inappropriate on the facts of this case. It's apparent that you have been heading for serious trouble for a number of years, and the acts of this case are about the most, are among the most serious types of trouble that you could have gotten yourself into. It's unfortunate that you are going to be receiving this sentence at this point in your life, but I'm unable to say that it's not a necessary sentence in order to protect the public from future acts you might commit.

Sentencing Hearing, October 12, 2001, Tr. at 28. Accordingly, we find that the dis-

trict court properly considered its discretion, and chose not to exercise it.

Redditt's only argument for downward departure is that his sentence did not conform to that of Townes. Redditt cites the case of *United States v. Epley,* 52 F.3d 571 (6th Cir.1995), for the proposition that the court may depart downward in order to conform a defendant's sentence to that of a co-defendant. *Id.* at 583. But *Epley* does not mandate such a result. That case merely grants the district court discretion by suggesting that courts are "not precluded" from departing downward in such situations. *Id.* Regardless, Townes' case is distinguishable for three significant reasons. First, he is a juvenile. Second, he pleaded guilty. And third, he was tried in state court.

We find that the district court understood its discretion to depart downward and therefore, we cannot review this issue further.

### F. Sentencing Guidelines

Redditt next claims that the district court erred in calculating his sentence. Specifically, Redditt claims that under the Double Jeopardy clause of the Fifth Amendment, the sentences for each of his § 924(c) convictions should run concurrently, and not consecutively.

Redditt was sentenced to 180 months, running concurrently, on each of the three § 2119 carjacking offenses. He was also sentenced to 120 months, concurrent to the § 2119 sentences, for transferring a firearm to Townes on January 17, as part of the Krebsbach carjacking. Moreover, he was sentenced to eighty-four months, 300 months, and 300 months, for § 924(c) weapons violations during the Krebsbach, Owens, and Wiseman carjackings, respectively. These § 924(c) sentences run consecutively to each other and to the sentences for the substantive carjacking offenses.

Redditt claims that the case of *United States v. Sims,* 975 F.2d 1225 (6th Cir.1992), mandates that each of his § 924(c) sentences run concurrently because each count was part of the same crime. However, *Sims* is distinguishable. In *Sims,* there was one underlying robbery, and the defendant had brandished several weapons in the course of performing that robbery. Hence, we held that each of the § 924(c) counts for brandishing a weapon were essentially the same offense, and therefore the defendant could not be sentenced separately for each. However, here there are three underlying offenses – each of the carjackings. Accordingly, the § 924(c) violation associated with each of the carjackings is a separate crime; and a separate sentence for each does not invoke the Double Jeopardy clause because Redditt is not being sentenced twice for the same crime. Accordingly, we affirm the decision of the district court that Redditt's § 924(c) sentences run consecutively.

### G. Independent Medical Examination

Lastly, Redditt claims that the district court erred when it denied his motion for an independent medical examination. Redditt contends that his below average IQ has left him unable to comprehend the actions against him or to assist in his own defense. Moreover, Redditt claims that he was unable to understand the consequences of his actions at the time of the carjackings. We review the denial of the motion for abuse of discretion. *See, e.g., Palmer v. Wagner,* 3 Fed.Appx. 329, 331 (6th Cir.2001).

A defendant has a due process right to a psychiatric evaluation where sanity is likely to be a significant factor at trial. *See Ake v. Oklahoma,* 470 U.S. 68, 83, 105

S.Ct. 1087, 84 L.Ed.2d 53 (1985). Redditt had displayed borderline psychotic behavior in the past, including once setting a dog on fire. In reviewing a district court's decision to deny a medical examination, essentially the question we must ask is "[w]hether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Williams v. Bordenkircher,* 696 F.2d 464, 467 (6th Cir.1983) (citations omitted).

However, prior to trial, Redditt requested, and the district court granted, a psychiatric evaluation. Redditt was examined at the Federal Medical Center in Butner, North Carolina. The doctors' report (hereinafter referred to as the "Butner report") found that Redditt was "not suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or assist an attorney in his own defense." Also, the Butner report found that "at the time of the alleged offense, (Redditt) was able to appreciate the nature and quality and wrongfulness of his actions."

Redditt then proceeded to trial, was found guilty, and then filed a motion on August 27, 2001, after conviction but before sentencing, for an independent medical examination. The district court denied the motion, finding that Redditt's own testimony belied his contentions of decreased mental capacity. The district court stated that it had "reviewed the trial testimony of Mr. Redditt. It reveals that the conclusions of the Butner evaluation team were clearly correct. An individual not competent to stand trial could not have given the detailed and coherent testimony offered by the defendant." Moreover, the district court relied on statements by Shelby County, Tennessee, jail officials, finding that "[j]ail officials indicate that there have been no problems with the defendant or any record that would suggest that he has any mental problems or behavioral problems." Accordingly, the district court felt any additional medical examinations would be superfluous.

Redditt first claims that it was improper for the district court to rely on the Butner report. Redditt asserts that any reliance on this evaluation was erroneous because this report was never submitted to the stringent tests for qualification of expert materials under *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). However, the district court never relied on the Butner report, but merely relied on the court's own observations of Redditt's testimony and demeanor to draw the independent conclusion that the Butner report was correct and that Redditt was competent. In *Mackey v. Dutton,* 217 F.3d 399 (6th Cir. 2000), we found that the denial of a psychiatric evaluation was not an abuse of discretion and not a violation of the defendant's due process rights where a previous psychiatric evaluation was on record for the defendant, and the court had the opportunity to draw its own conclusions based on its observations of the defendant. *See id.* at 414.

■ Redditt also claims that the district court erred in denying the motion because the court relied partly on the statements of prison officials that Redditt was competent. Redditt claims that this evidence is not a proper basis for denying the motions, because these individuals were neither cross-examined nor determined to be experts. However, the prison guards merely gave lay observations that "there had been no problems." Regardless, the statements by the prison guards are inconsequential in light of the sufficiency of the district

court's other stated reason for denying the motion.

Regardless, the district court, having once authorized the Butner report, had alleviated Redditt's due process concerns. Discretion then lay with the court in deciding whether to grant any future motions for a medical examination. *Ake* states that the Fifth Amendment only grants a defendant the right to one examination by a competent psychiatrist. *Ake,* 470 U.S. at 83, 105 S.Ct. 1087; *see also Mackey,* 217 F.3d at 410. No further examination is required under the Fifth Amendment, and thus, the district court did not abuse its discretion.

### III. Conclusion

For the foregoing reasons, we AFFIRM the decision of the district court and uphold Redditt's convictions and sentence.