NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0275n.06
Filed: April 12, 2007

No. 05-6866

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Raymond Cartwright, Jr., | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:    KENNEDY, MOORE, and McKEAGUE, Circuit Judges.

**PER CURIAM.**  Raymond Cartwright, Jr. appeals his felon in possession of a firearm and felon in possession of ammunition convictions.  His sole argument on appeal is that the evidence presented at trial was insufficient to support the jury verdict.  For the reasons stated below, we AFFIRM the orders of the district court.

**I.  BACKGROUND**

On October 25, 2003, Detective Kevin White of the Bradley County Sheriff's Office (the "Sheriff's Office") observed Appellant Raymond Cartwright, Jr. driving a red Mercury Cougar. Detective White attempted to stop Appellant's vehicle because he knew that Appellant was driving on a revoked license and that there was an outstanding warrant for Appellant's arrest. Although Appellant managed to evade Detective White by driving at a high rate of speed, the

detective and other members of the Sheriff's Office later stopped and arrested Appellant, who at the time was a passenger in a red Jeep Cherokee. When Sergeant Tom Wasson searched Appellant, he found a .22 caliber round on Appellant's person.

On January 27, 2004, Detective White stopped the same red Mercury Cougar after he observed it twice cross the center line. Earlier that day, a man had approached Detective David Shoemaker and Detective White, and the man told the two detectives that Appellant had approached him and had attempted to sell him a shotgun. When the car was stopped, Appellant was riding in the front passenger seat. Detective White found several 12-gauge shotgun shells, one next to the driver's seat and the rest in the armrest console of the car. At that time, Appellant told Detective Shoemaker (1) that the shells belonged to Chris Phillips, (2) that the shells were in his car because Phillips had given Appellant a 12-gauge Ithaca shotgun to sell for him, and (3) that Appellant no longer had the gun because he had given it back to Phillips. Officer Maskew later recovered an Ithaca pump 12-gauge shotgun based on information he received from Appellant.

On March 8, 2005, a federal grand jury returned a seven-count second superseding indictment. Count 1 charged Appellant with being a felon in possession of ammunition arising from the January 2004 incident, in violation of 18 U.S.C. § 922(g)(1); Count 2 charged Appellant with being a felon in possession of a firearm arising from the January 2004 incident, in violation of 18 U.S.C. § 922(g)(1); Counts 3 and 4 charged Appellant with being a felon in possession of ammunition arising from the October 2003 incident, in violation of 18 U.S.C. § 922(g)(1); Count 5 charged Appellant with being a felon in possession of a firearm arising from a July 2002

incident, in violation of 18 U.S.C. § 922(g)(1); Count 6 charged Appellant with threatening to assault and murder a United States judge with intent to retaliate against such judge on account of the performance of his official duties, in violation of 18 U.S.C. § 115; and Count 7 charged Appellant with threatening to assault and murder an Assistant United States Attorney with intent to retaliate against such official on account of the performance of his official duties, in violation of 18 U.S.C. § 115.

The district court granted Appellant's motion to sever Counts 1, 2, 3, 4, and 5 from Counts 6 and 7,[1] and the case went to trial on the first five counts. At trial, the district court granted the United States' motion to dismiss Count 5 with prejudice. Detective Shoemaker testified that Appellant had confessed to him regarding the January 2004 incident that (1) the shotgun shells belonged to Chris Phillips, (2) the shells were in his car because Phillips had given Appellant a 12-gauge Ithaca shotgun to sell for him, and (3) Appellant no longer had the gun because he had given it back to Phillips. James Raby testified that in January of 2004, Appellant tried to sell him an Ithaca pump shotgun. Raby also testified that although he never saw the shotgun because he told Appellant that he was not interested in buying it, Appellant claimed he had the shotgun in the trunk of his car when he offered to sell it to Raby.

Appellant presented only one witness, his brother Scott Cartwright. Cartwright testified that Appellant gave him the red Mercury Cougar about two months prior to the October 25, 2003 incident. Although Cartwright claimed that he owned the car, he admitted that he let Appellant

---

[1] Counts 6 and 7 were later dismissed without prejudice upon motion of the United States.

drive it. Cartwright also testified that the shell involved in the October 2003 incident was his and that his father had given him the shell before he died. However, Cartwright testified that he did not know anything about the shells involved in the January 2004 incident.

On May 4, 2005, the jury returned a verdict of guilty on Counts 1 and 2, and it returned a verdict of not guilty on Counts 3 and 4. On May 10, 2005, Appellant filed a motion for a new trial and a renewed motion for judgment of acquittal. Appellant claimed that his motions should be granted on the basis of insufficient evidence and the verdict being against the manifest weight of the evidence. In support of his claim, Appellant noted that the red Cougar belonged to his brother Scott Cartwright; that based on the testimony at trial, there was no proof that Appellant knowingly possessed the shells; that Raby testified that he never saw a shotgun; that no other witness testified that he saw Appellant in the possession of a shotgun; and that there was a lack of evidence tying Appellant to a shotgun.

On July 28, 2005, the district court denied these motions. The district court first considered the motion for judgment of acquittal. The court noted that Detective Shoemaker testified that Appellant confessed that he had been trying to sell a shotgun for Phillips and that Appellant knew the shells were in the car, as they had come from his attempts to make the sale. The district court further stated that Appellant's confession was consistent with Raby's testimony that Appellant had tried to sell him a shotgun and had told him the gun was in the trunk of the Cougar. The district court also pointed out that Appellant's only witness did not offer any testimony about the January 2004 incident. Accordingly, the court held that "there was ample evidence upon which the jury could have based its finding [that Appellant] knowingly possessed

the shotgun shells." J.A. at 42. The district court reiterated its discussion of Raby's and Detective Shoemaker's testimony in holding that "there is sufficient evidence to support the conviction on Count 2" also. J.A. at 42. Finally, the district court denied the motion for a new trial on the grounds that "there was ample evidence upon which the jury could have based its verdict," again referring to Appellant's confession to Detective Shoemaker and the testimony of other witnesses. J.A. at 44.

On December 1, 2005, Appellant was sentenced to a term of imprisonment of 288 months, a term of supervised release of 5 years, and a $200 special assessment. On December 2, 2005, Appellant filed a notice of appeal, appealing from the final judgment entered on December 1.

## II. ANALYSIS

### A. Standard of Review

The standard of review for a challenge to the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Davis*, 473 F.3d 680, 681 (6th Cir. 2007) (citations omitted). In assessing the sufficiency of the evidence, this Court will not substitute its judgment for that of the jury, and it will draw all available inferences in favor of the jury's verdict. *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006) (citations omitted). This Circuit has noted that this standard "presents a very difficult hurdle for the criminal appellant," *United States v. Winkle*, 477 F.3d 407, 413 (6th Cir. 2007),

and it has referred to the appellant's burden in making such a claim as "a very heavy [one]." *United States v. Jackson*, 473 F.3d 660, 669 (6th Cir. 2007).

To convict Appellant, the jury had to find beyond a reasonable doubt that (1) Appellant was convicted of a crime punishable by a term of imprisonment exceeding one year; (2) Appellant knowingly possessed the firearm and the ammunition; and (3) the ammunition and firearm was in or affecting interstate commerce. *United States v. Sawyers*, 409 F.3d 732, 735 (6th Cir. 2005). Having stipulated to elements (1) and (3), Appellant only contests whether he knowingly possessed the firearm and the ammunition.

## B. Sufficiency of the Evidence

On appeal, Appellant relies on this Circuit's now-vacated opinion in *United States v. Arnold*, 434 F.3d 396, 404 (6th Cir. 2005), which quoted an opinion from the Ninth Circuit, for the proposition that "mere proximity of a weapon to a passenger in a car goes only to its accessibility, not to the dominion or control which must be proved to establish possession." Appellant claims that proposition should be extended to any ammunition found in a car in which a defendant is a passenger. Appellant also relies heavily on the argument that because the Cougar belonged to his brother and his brother allowed others to drive the car, the ammunition could have belonged someone else. Finally, in connection with the shotgun, Appellant claims that Raby never saw the shotgun in Appellant's possession and that there was no evidence that Appellant ever owned the shotgun. Accordingly, Appellant concludes that the evidence adduced at trial "cannot conclusively stand to prove beyond a reasonable doubt that [he] possessed a firearm." Appellant's Br. 13.

Appellant's insufficiency of the evidence claims must be denied. According to Detective Shoemaker's testimony, Appellant confessed to having possessed a 12-gauge Ithaca shotgun and to having shotgun shells in his car in connection with his attempt to sell the shotgun. This confession is consistent with Raby's testimony that Appellant approached him and offered to sell him an Ithaca pump shotgun and that Appellant told him the shotgun was in the trunk of the Cougar. Appellant offered no evidence contradicting the testimony of these two witnesses. Drawing all available inferences in favor of the jury's verdict, it certainly is the case that any rational trier of fact could have found beyond a reasonable doubt that Appellant knowingly possessed the firearm and the ammunition. *Davis*, 473 F.3d at 681.

Indeed, this Circuit has held that "signed confessions, not suppressed, provide overwhelming evidence of [the defendant's] guilt and are enough to support the convictions." *United States v. Redditt*, 87 F. App'x 440, 445 (6th Cir. 2003). Although the defendant in *Redditt* signed a confession, this Circuit's statement in that case applies with equal force to Appellant's confession in the instant case. Indeed, in support for the above proposition in *Redditt*, this Circuit quoted the Supreme Court's statement that was not limited only to signed confessions: "[a] confession is like no other evidence. Indeed, the defendant's own confession is probably the most probative and damaging evidence that can be admitted against him." *Arizona v. Fulminante*, 499 U.S. 279, 296 (1991) (internal quotation omitted). Furthermore, whether a confession is signed or oral is immaterial if it is believed by the jury, an inference that this Court must draw in light of the jury's verdict. *Paige*, 470 F.3d at 608.

This case is factually similar to *United States v. Bennett*, 27 F. App'x 431 (6th Cir. 2001) (per curiam).  In *Bennett*, the defendant was convicted of two counts of felon in possession of a firearm, after confessing to the purchase and possession of several firearms.  *Id.* at 432-34.  In rejecting the defendant's insufficiency of the evidence argument, this Court held that "the first element was met by stipulation, the second was admitted in the defendant's confession and corroborated by further witness testimony, and the third was the subject of uncontested testimony.  The defendant's insufficiency claim thus fails."  *Id.* at 436.  In the instant case, the possession element-the only element that Appellant disputes-in each count was also established by Appellant's confession and corroborated by witness testimony.  Accordingly, Appellant's argument must be rejected in light of the aforesaid evidence and authority.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the orders of the district court.