IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2004

## STATE OF TENNESSEE v. MARTIN JEFFERY EDWARDS

**Appeal from the Circuit Court for Lauderdale County**
**No. 7440     Joseph H. Walker, Judge**

---

**No. W2004-00091-CCA-R3-CD  - Filed January 31, 2005**

---

The Appellant, Martin Jeffery Edwards, was convicted following a jury trial of two counts of delivery of a schedule II controlled substance, Class C felonies.  On appeal, Edwards argues that (1) the evidence is insufficient to support the convictions and (2) the trial court erred in denying a severance of the two counts.  After review, we conclude that these issues are without merit.  Accordingly, the judgment of the Lauderdale County Circuit Court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); Gary F. Antrican, District Public Defender; and Julie K. Pillow, Assistant Public Defender, Somerville, Tennessee (at trial).

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer Walker, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On June 2, 2003, a Lauderdale County grand jury indicted the Appellant on three counts of delivery of a controlled substance containing cocaine or cocaine base in an amount less than 0.5 grams occurring on the respective dates of October 9, 2002, October 24, 2002, and March 26, 2003. At a severance hearing, the trial court ordered severance of the March 26, 2003 alleged offense but rejected severance of the two remaining offenses.

At trial, the proof established that the drug deliveries resulted from an ongoing undercover drug operation by the Lauderdale County Sheriff's Department. Deputy Stacey Hayes, a six-year veteran of the Gibson County Sheriff's Department, was the undercover operative who participated in the offenses on October 9th and October 24th, 2002. The deliveries on each of these dates were made to Hayes, who was parked in an undercover police vehicle in front of the Appellant's residence at 202 Pearl Street in Halls. Hayes testified that the vehicle which she was furnished was equipped with both audio and video transmitting devices. She explained that the video cameras were installed in the vehicle in a manner which limited the cameras' "angles." On both occasions, following the Appellant's delivery of drugs to Hayes, the Appellant was paid $40.00. At trial, Hayes identified the Appellant as the person who delivered cocaine to her on both dates. Additionally, portions of the video tape recording were played to the jury, corroborating the Appellant's involvement in the drug offenses. A forensic scientist in the drug identification unit of the Tennessee Bureau of Investigation testified that the substances delivered to Hayes contained 0.1 grams and 0.3 grams of cocaine.

The Appellant testified that he had lived at 202 Pearl Street in Halls, Tennessee all of his life. He said that he had never seen Hayes before. The Appellant also testified that he did not deliver drugs to anyone on October 9, 2002 and October 24, 2002.

At the conclusion of the proof, the jury found the Appellant guilty of both counts. After conducting a sentencing hearing, the trial court imposed concurrent sentences of thirteen years as a range III offender. The Appellant now appeals from the convictions.

**Analysis**

**I. Sufficiency of the Evidence**

The Appellant first challenges the sufficiency of the evidence with regard to both offenses. Specifically, he contends that the evidence is insufficient to establish his identity as the person who delivered cocaine to the undercover agent.

The standard of review when an appellant questions the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1970); Tenn. R. App. P. 13(e). A conviction by a jury removes a defendant's presumption of innocence and replaces it with one of guilt. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant has the burden of proving the insufficiency of evidence. *Id*. This court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). A jury's guilty verdict accredits the testimony of the State's witnesses and resolves all conflicts in favor of the prosecution's theory. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997).

At trial, Hayes, the undercover operative, testified that "I am positive it was [the Appellant] . . . that sold me crack cocaine on two different occasions." Moreover, the video tape recording of October 24th, which was introduced into evidence, depicted the Appellant's residence at 202 Pearl Street, the Appellant emerging from the residence, and the clothing the Appellant was wearing on the occasion. Introduction of the video recording of October 9th depicted a substantial portion of the Appellant's face as he approached Hayes' vehicle, in addition to the clothing he was wearing. The video recordings of October 24th and October 9th revealed that, on both occasions, the Appellant was wearing the same Hawaiian shirt and the same black leather jacket with the word Cowboys on the side. In rebuttal, the State called Investigator Thompson with the Lauderdale County Sheriff's Department, who identified the residence shown in the video as being the residence of the Appellant. We conclude that the positive identification testimony by Hayes and the corroborative evidence of the video tape recordings clearly established that the Appellant was the person who delivered controlled substances on the dates of October 9th and October 24th, 2003. This issue is without merit.

## II. Severance

In a pre-trial motion, the Appellant moved to sever the offenses which were joined in a three-count indictment. Following a hearing, the trial court severed the offense allegedly occurring on March 26, 2003, but denied severance of the remaining October 9th and October 24th, 2002 offenses. Regarding the October offenses, the trial court concluded that "Counts One and Two are similar and close in time" and, thus, severance was not required.

We review the trial court's denial of an appellant's motion to sever for an abuse of discretion under Tenn. R. Crim. P. 14. *Spicer v. State*, 12 S.W.3d 438, 442 (Tenn. 2000); *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). This means that an appellate court will only reverse a trial court's denial of a motion to sever if it "applied the incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *See State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997).

Tennessee Rule of Criminal Procedure Rule 14(b)(1) provides that if two or more offenses have been joined in the same indictment, "the defendant shall have a right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others." When a defendant moves for severance, the prosecution has the burden of proving compliance with this rule. *Spicer,* 12 S.W.3d at 443. Evidence of other crimes is not admissible to show that a defendant did in fact commit the offense at issue. Tenn. R. Evid. 404(b). However, Rule 404 does not bar admissibility when "offenses alleged to be part of a common scheme or plan are otherwise relevant to the material issue at trial." *Shirley*, 6 S.W.3d at 248. Thus, a question of severance under Rule 14 is a question of evidentiary relevance. *State v. Moore*, 6 S.W.3d 235, 239 (Tenn. 1999). In summary, the court utilizes the following test:

> Before consolidation is proper, the trial court must conclude from the evidence and arguments presented at the hearing that (1) the multiple offenses constitute part of a

common plan or scheme, Tenn. R. Crim. P. 14(b)(1); (2) evidence of each offense is relevant to some material issue in the trial of all the other offenses, Tenn. R. Evid. 404(b)(2); *State v. Moore*, 6 S.W.3d 235, 239 (Tenn.1999); and (3) the probative value of the evidence of other offenses is not outweighed by the prejudicial effect that admission of the evidence would have on the defendant, Tenn. R. Evid. 404(b)(3).

*Spicer*,  12 S.W.3d at 445.

To be part of a common scheme or plan, offenses "must be so similar in *modus operandi* and occur within such a relatively close proximity of time and location to each other that there can be little doubt that the offenses were committed by the same person(s)." *State v. Peacock*, 638 S.W.2d 837, 840 (Tenn. Crim. App. 1982).  In this case, the offenses occurred within fifteen days of one another.  The same police operative drove to the same location and exchanged the same amount of cash for a similar amount of the cocaine with the same defendant. The similarities between the two offenses establish a common scheme or plan, and proof was basically equivalent in each case. *See State v. Steve Mosley*, No. 01C01-9211-CC-00345 (Tenn. Crim. App. at Nashville, Sept. 9, 1993); *State v. Wayne Hymes Richards*, No. 03C01-9503-CR-00102 (Tenn. Crim. App. at Knoxville, July 8, 1996); *State v. Roger D. Pulley*, No. 01C01-9501-CC-00013 (Tenn. Crim. App. at Nashville, Sept. 20, 1995).

We also conclude that the evidence of each offense is relevant to a material issue in the trial of the other.  At trial, the Appellant testified that he had "never seen that lady [Stacey Hayes] before," and "I didn't deliver nothing to her."  Identity of the perpetrator was clearly a material issue, if not the issue at trial.  With regard to the requirement of evidentiary relevance, our supreme court in *Bunch v. State*, 605 S.W.2d 227, 231 (Tenn. 1980) observed:

> To be relevant and, therefore, admissible, it is not necessary that the other crime be identical in every detail to the offense on trial; it is sufficient if evidence of the other crime supports the inference that the perpetrator of it, shown to be the defendant, is the same person who committed the offense on trial.

In the case before us, the proof in each offense is virtually identical, as is the method by which the offenses were committed.  Both crimes were close in time, involved the same controlled substance, the same selling price, the same agent, and occurred at the same location.  The method involved the sale and delivery of cocaine from the Appellant's residence to the undercover agent in a parked car.  The issue of the Appellant's identity was in contest in both offenses and was, therefore, relevant.  Moreover, our review of the record demonstrates that the probative value of the evidence outweighed the danger of unfair prejudice. *See* Tenn. R. Evid. 404(b)(3).  This issue is without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the Lauderdale County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE